UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLOBAL MEDIA NETWORK,

                   Plaintiff,

           -against-

PANDORA,

                   Defendant.

25-CV-5555 (LTS)

ORDER OF DISMISSAL AND
ORDER TO SHOW CAUSE
UNDER 28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Global Media Network filed this action *pro se*. Non-party William Scales signed the complaint but did not pay the $405.00 in fees to initiate a new civil action or submit an application to proceed *in forma pauperis* ("IFP"). For the reasons discussed in this order, the Court dismisses the claims asserted by Global Media Network without prejudice. The Court also directs Scales to show cause why the Court should not bar him from filing new civil actions in this court IFP, without first obtaining permission to file.

**A.**     **Global Media Network**

To proceed with a civil action in this court, a plaintiff must either pay $405.00 in fees—a $350.00 filing fee plus a $55.00 administrative fee—or, request authorization to proceed IFP, that is, without prepayment of fees, by submitting a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915. Only a natural person, however, can proceed IFP; an entity like Plaintiff Global Media Network cannot. *See Rowland v. California Men's Colony*, 506 U.S. 194, 196 (1993) (holding that only natural persons may proceed IFP under 28 U.S.C. § 1915).

Moreover, an entity like Global Media Network cannot proceed without counsel. *See, e.g.*, *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (noting that "it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*").

Accordingly, the Court dismisses Global Media Network's claims without prejudice to that entity proceeding with this action with counsel and with the payment of the fees.

**B.    Scales' Litigation History**

William Scales has filed 17 cases in this court since 2023 that have been dismissed on the merits or for lack of jurisdiction before any defendant has been served or as deficient because Scales did not pay the fees or ask that the fees be waived.[1] Scales has also filed an additional ten cases where he signed complaints brought by his companies Global Media Network and Vision Streams. As described below, in 16 of the cases Scales has filed—either in his name or listing his companies Global Media Network and Vision Streams as the plaintiffs—he filed a complaint without paying the fees or submitting an IFP application. In each of these 16 cases, the Court directed Plaintiff to cure this deficiency, placing him on notice that to initiate a new civil action in this court he was required to pay the fees or request that the fees be waived.

**1.    Cases Filed by Global Media Network and Vision Streams**

In eight cases Scales filed—including this case, where he lists Global Media Network as the plaintiff—Scales submitted a complaint without paying the fees or submitting an IFP application: (1) *Global Media Network v. Tidal*, ECF 1:25-CV-5675, 1 (LTS) (S.D.N.Y.) (complaint filed without payment of fees or IFP application); (2) *Global Media Network v. Spotify*, ECF 1:25-CV-0400, 5 (LTS) (S.D.N.Y. Mar. 20, 2025) (dismissed for not paying the fees or filing an IFP application); (3) *Global Media Network v. Sirius XM Radio*, ECF 1:25-CV-0398, 5 (LTS) (S.D.N.Y. Mar. 21, 2025) (same); (4) *Global Media Network v. YouTube Music*, ECF 1:25-CV-0397, 5 (LTS) (S.D.N.Y. Mar. 21, 2025) (same); (5) *Global Media Network v. Tidal*, ECF 1:25-CV-0396, 5 (LTS) (S.D.N.Y. Mar. 21, 2025) (same); (6) *Global Media Network v.*

---

[1] As noted below, included in these 17 cases are pending cases that Scales recently filed without the payment of fees or the submission of an IFP application.

*Apple Music*, ECF 1:25-CV-5674, 5 (LTS) (S.D.N.Y. Mar. 21, 2025) (same); (7) *Global Media Network v. Amazon Music*, ECF 1:25-CV-5675, 5 (LTS) (S.D.N.Y. Mar. 20, 2025) (same).

In the remaining case where Scales listed Global Media Network as the plaintiff, and Scales signed Global Media Network's IFP application, the Court dismissed the action because Plaintiff Global Media Network cannot proceed IFP. *See Global Media Network v. iHeartRadio*, ECF 1:25-CV-5554, 1 (LTS) (S.D.N.Y. July 17, 2025).

Scales recently initiated a new action, where he lists his company Vision Streams as the plaintiff, but he did not pay the fees or submit an IFP application. *See Vision Streams v. Paramount Video*, ECF 1:25-CV-5675, 1 (S.D.N.Y.).

### 2.  Cases Filed by Scales in His Own Name

Of the 17 cases Scales filed in his own name, in nine of those cases he submitted a complaint without paying the fees or submitting an IFP application: (1) *Scales v. Zelle*, ECF 1:25-CV-5453, 1 (S.D.N.Y.) (order directing payment of fees or submission of IFP application issued); (2) *Scales v. Paramount Video*, ECF 1:25-CV-2630, 1 (S.D.N.Y.) (same); (3) *Scales v. Netflix*, ECF 1:25-CV-2628, 4 (S.D.N.Y. June 5, 2025) (dismissed under the IFP statute for not paying the fees or filing an IFP application); (4) *Scales v. Door Dash*, ECF 1:25-CV-2627, 4 (S.D.N.Y. July 1, 2025) (same); (5) *Scales v. Amazon Prime video*, ECF 1:25-CV-2626, 4 (S.D.N.Y. June 5, 2025) (same); (6) *Scales v. Amazon*, ECF 1:24-CV-9217, 4 (S.D.N.Y. Feb. 14, 2025) (same); (7) *Scales v. Spotify*, ECF 1:24-CV-7900, 4 (S.D.N.Y. Dec. 9, 2024) (same); (8) *Scales v. TD Bank*, ECF 1:24-CV-3753, 1 (S.D.N.Y. July 18, 2024) (same); and (9) *Scales v. Apple Inc.*, ECF 1:24-CV-1824, 3 (S.D.N.Y. June 24, 2024) (same).

Scales filed two cases in his own name that the court dismissed for failure to state a claim after he did not file an amended complaint following the court's granting him leave to do so:

(1) *Scales v. ATU Loc. 1181*, ECF 1:23-CV-9009, 6 (S.D.N.Y. Mar. 19, 2024); and (2) *Scales v. Newtek One*, ECF 1:23-CV-7604, 6 (S.D.N.Y. Mar. 15, 2024).

Finally, Scales filed seven cases in his own name that the court dismissed on immunity grounds or for lack of subject matter jurisdiction: (1) *Scales v. New York State Comm. on Jud. Conduct*, ECF 1:23-CV-7846, 4 (S.D.N.Y. Apr. 16, 2024) (dismissed on immunity grounds); (2) *Scales v. Lower Eastside People's Fed. Credit Union*, ECF 1:23-CV-7643, 7 (S.D.N.Y. Jan. 5, 2024) (dismissed for lack of subject matter jurisdiction); (3) *Scales v. Sup. Ct. of the United States*, ECF 1:23-CV-6462, 4 (S.D.N.Y. Aug. 7, 2023) (dismissed on immunity grounds); (4) *Scales v. American Web Coders*, ECF 1:23-CV-6448, 8 (S.D.N.Y. Jan. 16, 2024) (dismissed for lack of subject matter jurisdiction); (5) *Scales v. Web Design Gator*, ECF 1:23-CV-6445, 8 (S.D.N.Y. Jan. 5, 2024) (same); (6) *Scales v. Design Nortex*, ECF 1:23-CV-6442, 15 (S.D.N.Y. May 7, 2024) (same); and (7) *Scales v. LA Web Experts*, ECF 1:23-CV-6442, 15 (S.D.N.Y. Mar. 19, 2024) (same).

## PRIOR WARNINGS

The Court has warned Scales that further submissions of duplicative or non-meritorious litigation may result in an injunction, barring him from filing new civil actions IFP without first obtaining permission to file. *See Scales v. New York State Comm. on Jud. Conduct*, ECF 1:23-CV-7846, 4 (S.D.N.Y. Apr. 16, 2024*); Scales v. United States Supreme Court*, ECF 1:23-CV-6462, 4 (S.D.N.Y. Aug. 7. 2023).

## ORDER TO SHOW CAUSE

This action is not a departure from Scales' pattern of filing new actions, either in his own name or in the name of his companies Global Media Network and Vision Streams, without paying the fees or submitting an IFP application. This frivolous and vexatious conduct is a drain on judicial resources. The Court warned Scales in an August 7, 2023 order and an April 16, 2024

order, he could be barred from filing new civil actions IFP, without prior permission of the court, if he continued to file duplicative or non-meritorious cases. Rather than heed these warnings, since the April 16, 2024 order, Scales has filed 17 new civil actions, in either his own name or his companies' names, without payment of the fees or submission of an IFP application, doing so after the Court issued dozens of orders directing him to pay the fees or submit an IFP application. Plaintiff was therefore aware that, when he filed this complaint, he was required to pay the fees or request a fee waiver. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances in which frequent pro se litigant may be charged with knowledge of particular legal requirements).

In light of this litigation history, the Court orders Scales to show cause why he should not be barred from filing any further actions in this court IFP, either in his own name or his companies' names, without first obtaining permission from the court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."). Within 30 days of the date of this order, Scales must submit to the court a declaration setting forth good cause why an injunction should not be imposed upon him.

If Scales does not submit a declaration within the time directed, or if his declaration does not set forth good cause why this injunction should not be entered, he will be barred from filing any further actions IFP in this court, either in his own name or his companies' names, unless he first obtains permission from this court to do so. This injunction will take effect as of the date of this order.

**CONCLUSION**

The Court dismisses Global Media Network's claims without prejudice to this entity proceeding with this action with counsel and with the payment of the fees.

Scales shall have 30 days to show cause by declaration why an order should not be entered barring him from filing any future action IFP in this court, either in his own name or his companies' names, without prior permission. A declaration form is attached to this order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    July 23, 2025
          New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____

Executed on (date)                              Signature

_____

Name                                            Prison Identification # (if incarcerated)

_____

Address                        City             State        Zip Code

_____

Telephone Number (if available)                 E-mail Address (if available)